IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reco Miller, #310609,<br>a/k/a Reco Lamont Miller, #310609,<br><br>Plaintiff,<br><br>v.<br><br>The South Carolina Department of<br>Corrections, Evans Correctional<br>Institution, Warden Stonebreaker,<br><br>Defendants. | Civil Action No. 4:18-862-BHH<br><br>**ORDER** |

Plaintiff is a state prisoner proceeding pro se in this action. Plaintiff has filed two different incomplete complaints and has provided three different captions. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On March 30, 2018, and May 2, 2018, the Magistrate Judge issued two orders instructing Plaintiff to follow instructions on the complaint form and to answer all necessary questions. Plaintiff did not properly submit service documents or comply with the Court's orders, and on June 11, 2018, the Magistrate Judge issued a Report and Recommendation ("Report") outlining the history of this action and Plaintiff's noncompliance and recommending that the Court summarily dismiss this action without prejudice and without issuance and service of process based on Plaintiff's failure to bring this case into proper form and otherwise comply with the Court's orders. Attached to the Report was a notice advising Petitioner of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed; however, Plaintiff has

filed two motions for the assistance of counsel and several letters raising various issues with his confinement. These recent filings do not specifically address the Magistrate Judge's findings and recommendations.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no specific objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that the instant complaint should be dismissed because Plaintiff has failed to comply with the Court's orders and bring this case into proper form. In addition, the Court finds that Plaintiffs has not demonstrated a colorable claim or any other reason justifying the appointment of counsel at this time. *See Underwood v. Beavers*, 711 F. App'x 112 (4th Cir. 2017) (noting that civil litigants have no constitutional right to counsel).

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 21) and dismisses this action without prejudice and without issuance and service of process, and the Court denies Plaintiff's motions for the appointment of counsel (ECF Nos. 23 and 29).

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

July 9, 2018
Charleston, South Carolina